IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sam E. Bartley,<br>*also known as Sam Bartley*,<br><br>                   Plaintiff,<br><br>vs.<br><br>Dr. Glen Alewine; Warden Sharonda Sutton,<br><br>                   Defendants. | ) C/A No. 9:14-360-RBH-BM<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |



Plaintiff, Sam E. Bartley, is a state prisoner housed in the Kershaw Correctional Institution ("KCI"), part of the South Carolina Department of Corrections ("SCDC") in Kershaw, South Carolina. Plaintiff is proceeding pro se and in forma pauperis.

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the in forma pauperis statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). While, as a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers; see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## DISCUSSION

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Rule 8(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") that pleadings shall contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. Simply put, Plaintiff's Complaint fails to provide this Court with sufficient facts to enable the Court to determine the nature of the claims he is attempting to raise. The factual allegations of Plaintiff's Complaint consist entirely of the following:

> I've file this claim on behalf of both parties knew of the circumstances involve in the cruel and unusual punishment, that to this day has been still subject too use their power of restraints to keep me in bondage and being discriminated against my will since July of 2013?

Complaint, ECF No. 1, p. 3. Although Plaintiff has named two Defendants, the Complaint fails to reasonably inform either of the parties of the asserted cause(s) of action being asserted against them. See Brown v. Califano, 75 F.R.D. 497 (D. D.C. 1977). Neither Dr. Alewine nor Associate Warden Sutton are mentioned in the body of the Complaint, and the only allegation made against them is Plaintiff's conclusory assertion that "both parties knew of the circumstances" involving Plaintiff's alleged subjection to unspecified cruel and unusual punishment and discrimination.



2

Hence, Plaintiff fails to state a plausible § 1983 claim.[1] Additionally, Plaintiff has also failed to ask for any specific relief. See Complaint, ECF No. 1, p. 4.

As a result of the vague and conclusory statements in Plaintiff's Complaint, it is impossible, without excessive expenditure of precious judicial resources, for this Court to determine if Plaintiff can present any plausible allegation of a constitutional violation with respect to either Defendant. Although the "liberal pleading requirements" of Fed. R. Civ. P. 8(a) only require a "short and plain" statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation marks and citations omitted and alterations in original). "A pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

---

[1] In order to assert a viable claim under 42 U.S.C. § 1983 against a particular state official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. See Kentucky v. Graham, 473 U.S. 159 (1985); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his or her individual capacity, and thereby seeking to hold the official personally liable, must show that the official personally caused or played a role in causing the deprivation of a federal right. See Graham, 473 U.S. at 166. "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

3

Although this Court is bound to liberally construe Plaintiff's pro se complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants and Plaintiff's failure to specify what, if any, type of relief he is seeking, the Complaint is both frivolous and fails to state a claim on which relief may be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants); see also Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (dismissing a pro se complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).

Therefore, this Court should summarily dismiss the Complaint, without prejudice, which will allow Plaintiff to file a new and proper complaint, if he so desires.

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in this case be summarily dismissed without prejudice and without issuance and service of process. Plaintiff's attention is



4

directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 21, 2014
Charleston, South Carolina

5


p5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6