IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sam E. Bartley a/k/a Sam Bartley | ) | Civil Action No.: 9:14-cv-0360-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Glen Alewine; Warden Sharonda Sutton | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Sam E. Bartley a/k/a Sam Bartley ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Compl., ECF No. 1 at 2. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[1] In the R & R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action *without prejudice* and without issuance and service of process for failure to set forth sufficient facts to state a claim. *See* R & R, ECF No. 9 at 2, 4.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action on February 10, 2014, asserting causes of action for discrimination and cruel and unusual punishment. *See* ECF No. 1 at 2. The entirety of the facts alleged in the Complaint is as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

> I've file [sic] this claim on behalf of both parties knew of the circumstances involve [sic] in the cruel and unusual punishment. That to this day has been still subject too use [sic] their power of restraints to keep me in bondage and being discriminated against my will since July of 2013?

*Id.* at 3. Plaintiff does not set forth any requested relief. *See id.* at 4. The Magistrate Judge issued his R & R on February 21, 2014, recommending that the Court dismiss Plaintiff's Complaint without prejudice for failure to state a claim. *See* ECF No. 17 at 2, 4. Plaintiff timely filed objections to the R & R on February 27, 2014. *See* Pl.'s Objections, ECF No. 11.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

The Magistrate Judge recommends dismissing Plaintiff's complaint without prejudice for failure to state a proper claim. The Magistrate Judge notes that Plaintiff attempts to assert a claim under 42 U.S.C. § 1983, generally alleging constitutional violations due to discrimination and cruel and unusual punishment. *See* ECF No. 9 at 2–3. As the Magistrate Judge explained, however, Plaintiff has not set forth any facts stating a cause of action against the named Defendants. *See id.* at 2. The only allegation related to the named Defendants is a general, conclusory assertion that "both parties knew of the circumstances" involving Plaintiff's alleged subjection to unspecified discrimination and/or cruel and unusual punishment. *See id.* The Magistrate Judge found that the Complaint fails to establish the requisite causal connection or affirmative link between the conduct alleged in the Complaint and the officials sued. *See id.* at 3 n.1. The Magistrate Judge acknowledged that the Federal Rules of Civil Procedure provide for liberal pleading requirements, particularly for *pro se* litigants, but reminded Plaintiff that he must do more than make conclusory statements to support his claim. *See id.* at 4. Therefore, the Magistrate Judge recommended the Court summarily dismiss the Complaint, without prejudice. *See id.*

Plaintiff timely filed objections to the R & R. The Court may only consider objections to the R & R that direct it to a specific error in the Magistrate Judge's R & R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn. 1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. For

the most part, Plaintiff's objections do not point the Court to any specific error by the Magistrate Judge. However, out of an abundance of caution, the Court reiterates that, after a review of Plaintiff's pleadings, he fails to allege sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees with the Magistrate Judge's analysis in the R & R and adopts it as its own. *See* ECF No. 9 at 2–5.

The only relevant portion of Plaintiff's objections asserts the following:

> Associate Warden Sharonda Sutton and Dr. Glenn Alewine was aware of the cruel and unusual punishment, that to this day has been still subject to use their power of restraints to keep me in bondage and being discriminated against my will since July of 2013.

ECF No. 11 at 1. This statement appears to be an attempt by Plaintiff to elaborate on the connection between Defendants and the purported harm. However, this statement merely realleges what Plaintiff already set forth in the Complaint. Plaintiff has not detailed any facts demonstrating that the Defendants were involved in any way in the purported discrimination and/or cruel and unusual punishment, aside from a vague and conclusory assertion that they were "aware" of it.

For the reasons set forth in the R & R, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a proper claim. Plaintiff has not demonstrated the requisite causal connection or affirmative link between the misconduct conduct alleged in the complaint and the official sued. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976))). Plaintiff must demonstrate that the Defendants personally caused, or played a role in causing, the deprivation of a federal right. *See Graham*, 473 U.S. at 166. Here, Plaintiff has failed to allege any personal involvement by the named Defendants. As the Magistrate Judge

correctly noted, although the Court is duty bound to liberally construe *pro se* pleadings, Plaintiff must do more to state a claim than merely make conclusory and vague statements. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (finding dismissal of a *pro se* complaint appropriate where Plaintiff merely made conclusory assertions and the complaint was nonsensical on its face); *see also Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995) ("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims.").

The remaining objections have no merit, as they do not relate do the Magistrate Judge's finding that Plaintiff failed to state sufficient facts to set forth a claim. Plaintiff's purported lack of access to the law library and alleged need for an attorney do not hinder his ability to properly describe the facts supporting him claims. Accordingly, these objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
May 1, 2014